UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT G. HARVEY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-6620 |
| LEXINGTON INSURANCE COMPANY, ET AL. | SECTION "N" (1) |

## **ORDER AND REASONS**

Before the Court is the Motion for Reconsideration (Rec. Doc. No. 19) filed by Robert G. Harvey, Sr. and W. Patrick Klotz, which seeks to have this Court reconsider its order denying Plaintiffs' motion to remand. (Rec. Doc. 14).

As the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, the Court treats this motion as one brought under Rule 59(e), seeking alteration or amendment of a judgment. *See St. Paul Mercury Insurance Company v. Fair Grounds Corporation*, 123 F.3d 336 (5th Cir.1997). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten days of the court's ruling. Id. The order denying remand was signed on November 5, 2007, and Plaintiffs filed this motion for reconsideration on November 12, 2007. Thus, it appears that Plaintiffs' motion in this case was served less than ten days after the Court rendered its Judgment, so Rule 59(e) governs Plaintiffs' Motion for Reconsideration.

The Fifth Circuit has held that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon a movant's showing of "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309, 311 (E.D. La.1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir.2000). A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). Such motions are not the proper vehicles for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Instead, Rule 59(e) "serves[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1, at 124 (2d ed.1995)).

Plaintiffs have not alleged that there was an intervening change in controlling law or any new evidence. They argue that the Court has made an error of law by refusing to remand the case. For the most part, Plaintiffs simply re-urge arguments made in their motion to remand. Rule 59 motions should not be used to re-litigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *Simon*, 891 F.2d at 1159.

In denying remand, this Court determined that this case was substantially related to the bankrupt estate such that it was appropriate to retain jurisdiction. Specifically, the Court determined that this case is related to the bankruptcy case because Plaintiffs in this case are seeking 40% of the

entire judgment awarded in favor of the Debtor and her parents, and the outcome of the fee claim could impact the obligations of the Debtor's estate and the amount of debt to be administered. While Plaintiffs may disagree with this Court's finding, they have raised no new arguments that warrant a granting of the motion to remand and, in fact, mostly attempt to re-litigate the same issues raised in the motion to remand. In other words, Plaintiffs have not presented a mistake of law or fact that would entitle them to the extraordinary remedy that Rule 59 is designed to provide.

Further, Plaintiffs mention that the settlement agreement contains an indemnification clause that could potentially expose the Debtor to liability for damages awarded against Lexington in this action.  This too is sufficient to support the denial of the motion to remand as it shows that the outcome of the fee dispute in this case could have an effect on the Debtor's estate.  The two cases are, therefore, related.  Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. No. 19)** should be and hereby is **DENIED**.

New Orleans, Louisiana, this 7th day of December, 2007.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**