UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT G. HARVEY, ET AL.                CIVIL ACTION

VERSUS                                  NO. 07-6620

LEXINGTON INSURANCE COMPANY,            SECTION "N" (1)
ET AL.

### ORDER AND REASONS

Before the Court is the Motion to Lift Stay (Rec. Doc. 23), filed by Robert G. Harvey, Sr. ("Harvey").

Claiming that there is currently in place an automatic stay in the bankruptcy matter *In re: Shannon Schweitzer*, 05-14143, wherein this Court has withdrawn the reference, Harvey asserts that there is no need to maintain a stay as to the matters before this Court, which have been set for trial, as the bankruptcy court has recently approved a second amended reorganization plan. Thus, Harvey has requested a lift of the stay so that he may file motions and prepare for trial.

This Court determines, however, that there is no longer an automatic stay in effect in Schweitzer's bankruptcy case.

Title 11, Section 362(a) of the United State Code imposes the automatic stay in bankruptcy cases. Section 362(c) sets forth the

temporal limits of the stay.  It states, in pertinent part:

> Except as provided in subsections (d), (e), (f), and (h) of this section--
>
>> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>>
>> (2) **the stay of any other act under subsection (a) of this section continues until the earliest of**--
>>
>>> (A) the time the case is closed;
>>>
>>> (B) the time the case is dismissed; or
>>>
>>> (C) **if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied**;

11 U.S.C. § 362(c).  Moreover, Section 1141 of the Bankruptcy Code details the effects of confirmation of a Chapter 11 plan. That section states, in pertinent part:

> (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan--
>
>> (A) **discharges the debtor from any debt that arose before the date of such confirmation**, and any debt of a kind specified in section 502(g), 502(h), or 502(I) of this title, whether or not--
>>
>>> (I) a proof of the claim based on such

>>debt is filed or deemed filed under section 501 of this title;
>>
>>(ii) such claim is allowed under section 502 of this title; or
>>
>>(iii) the holder of such claim has accepted the plan; and

Thus, the automatic stay terminated when the Chapter 11 plan of reorganization was confirmed through the Second Amended Plan of Reorganization, entered by the Bankruptcy Court on December 27, 2007. (Bankr. case no. 05-14143, Rec. Doc. 520). See *In Re Herron*, 60 B.R. 82, 83-84 (Bankr. W.D. La. 1986).

Considering the foregoing, **IT IS ORDERED** that **Motion to Lift Stay (Rec. Doc. 23)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 28th day of February 2008.

_____
KURT D. ENGELHARDT
United States District Judge

3